IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ESTATE OF EVENLYN V KEESEE ET AL. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 8:23-cv-00012-PX |
| | * | |
| AMERICAN BANKERS LIFE ASSURANCE | * | |
| COMPANY OF FLORIDA ET AL., | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM ORDER

Presently pending in this insurance coverage action is the motion to dismiss filed by Defendants American Bankers Life Assurance Company of Florida ("ABLAC") and Assurant. ECF No. 11. The motion is fully briefed, and no hearing is necessary. D. Md. Loc. R. 105.6. Because the doctrine of res judicata bars re-litigation of the claims, the Court GRANTS Defendants' motion.

Plaintiff The Estate of Evelyn V. Keesee ("the Estate"), by and through personal representative Xavior D. Keesee, alleges that Kenneth and Evelyn Keesee maintained an insurance policy with ABLAC. ECF No. 7 at 2-3. The policy was connected to the Keesee's home mortgage. According to the Complaint, it appears to be a policy that pays the decedent's mortgage as a death benefit. *See generally* ECF No. 7-1. After Kenneth's death in February of 2017, Evelyn attempted to contact ABLAC to claim the proceeds on the policy. ECF No. 7 at 2-4. The Complaint avers that efforts to collect on the policy included "prior litigations and mediations . . . between Evelyn V. Keesee decedent and all companies and parties or mortgage companies involved[.]" *Id.* at 3.

Pertinent to this motion, Evelyn Keesee had previously filed suit in this court against

ABLAC, Shellpoint Mortgage Servicing, and Ditech Financial LLC.  *Keesee v. Ditech Financial LLC*, No. 8:19-cv-03543-PWG (D. Md. filed Dec. 12, 2019).  In that action, Evelyn Keesee alleged that ABLAC had breached the terms of the mortgage protection policy.  *Keesee v. Ditech Financial LLC*, No. 8:19-cv-03543-PWG, ECF No. 43 at 1 (D. Md. Mar. 22, 2021).  Granting summary judgment in ABLAC's favor, the court concluded that no evidence supported that the policy had ever existed.  *Id.* at 7 ("Ms. Keesee has failed to produce even a scintilla of evidence to demonstrate that a contract was formed or that would raise a material dispute of fact sufficient to allow this case to proceed to trial.").

Roughly twenty months after that decision became final, the Estate filed a second action against ABLAC and Assurant in the Circuit Court for Prince George's County.  *See* ECF No. 7-1 at 22; *Xavior Keesee v. Assurant, Inc., et al.*, No. C-16-CV-22-000928 (Prince George's Cir. Ct. filed Dec. 5, 2022).  On January 4, 2023, ABLAC timely removed the action to this Court.  ECF No. 1.  The Complaint avers a single breach of contract claim premised on the existence of the ABLAC insurance policy.  On January 11, ABLAC moved to dismiss, principally arguing that the Estate's claim is barred by res judicata in light of the prior decision granting summary judgment in ABLAC's favor.

Res judicata prevents parties from "relitigating an identical issue with the same party or his privy" after having had a full and fair opportunity initially to press their claims.  *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161-62 (4th Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).  Specifically, res judicata bars the later-filed action when:  (1) there was a final judgment on the merits in a prior suit; (2) the claims in the new suit were or could have been brought in the original suit; and (3) the parties or their privies in both suits are identical.  *See Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (citing *Anne Arundel Cnty. Bd. of*

2

*Educ. v. Norville*, 390 Md. 93, 106-07 (2005)); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

Although res judicata is an affirmative defense, where the Complaint includes all facts necessary to sustain that defense, the Court may reach the question at the motion to dismiss stage. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The Court may also take judicial notice of pertinent facts from the prior litigation. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact[.]").

Turning to this matter, res judicata plainly applies. First, the court granting summary judgment for ABLAC in the earlier litigation was a final judgment on the merits. *Keesee v. Ditech Financial LLC*, No. 8:19-cv-03543-PWG, ECF No. 43 (D. Md. Mar. 22, 2021). Second, the Complaint and the prior action concern the same nucleus of operative facts and allege the same wrongdoing—that is, breach of the same insurance policy. *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162. Third, the parties are identical for purposes of res judicata.[1]

In its opposition, the Estate acknowledges that "Evelyn Keesee (deceased) brought a breach of contract action complaint against ABLAC but could not find policy that she alleged had from ABLAC." ECF No. 13 at 2. Although its argument is difficult to parse, the Estate appears to suggest that res judicata does not apply because certain evidence has surfaced that

---

[1] Parties are considered identical when they are in privity, which is when the non-party is "so identified in interest with a party to the former litigation that he represents precisely the same legal right in respect to the subject matter involved." *See Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (quoting *Jones v. SEC*, 115 F.3d 1173, 1180 (4th Cir. 1997)); *see also Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000). Assurant was not a party to the previous action. But as ABLAC explains—and the Estate does not dispute—Assurant is the parent company for ABLAC. *See* ECF No. 11-1 at 2 n.1; *see also* ECF No. 4. Thus, Assurant is in privity with ABLAC for res judicata purposes. Likewise, the original plaintiff and her Estate are in privity as to the insurance policy. *See Stacy v. Thrasher for Use of Sellers*, 47 U.S. 44, 59 (1848).

supports that the policy existed. *Id.* More specifically, the Estate offers two letters authored in 2016 from Ditech, which certainly suggests that such a policy had been in place and, in fact, expired on the same date as Mr. Keesee's death. ECF Nos. 7-1 at 13 & 13-1 at 1. Unfortunately for the Plaintiff, "the controlling issue is whether the claim existed at the time of the prior suit, not whether plaintiff had actual knowledge of claim at the time." *Vaeth v. Mayor & City Council of Baltimore City*, No. ELH-18-1600, 2019 WL 2272669, at *8 (D. Md. May 24, 2019). This includes the production of new evidence that perhaps could have saved the claim in the first case. Indeed, "'[p]laintiff's discovery of additional facts following entry [of final] judgment does not block the application of res judicata,' where the 'facts and events themselves arose prior to the filing of the original complaint' even while the plaintiff's 'awareness of these facts . . . came later.'" *Mitchell v. U.S. Bank Nat'l Ass'n as Tr. for Mastr Asset Backed Sec. Tr. 2005-FRE1*, No. cv-TDC-19-2225, 2020 WL 3050739, at *7 (D. Md. June 8, 2020) (quoting *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999)); *see also Tait v. Western Md. Ry. Co.*, 62 F.2d 933, 935 (4th Cir. 1933) ("[A] party bound by the judgment cannot escape its effects by producing a new argument or new evidence in a subsequent action in support of the proposition decided against him."); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4403 (3d ed. 1998) (explaining that res judicata "ordinarily applies despite the availability of new evidence").

Because all three res judicata elements are clearly met, this Complaint must be dismissed with prejudice. Accordingly, it is this 1st day of August 2023, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Dismiss (ECF No. 11) filed by Defendants American Bankers Life Assurance Company and Assurant is GRANTED;

2. The Complaint (ECF No. 7) is DISMISSED WITH PREJUDICE; and

3. The Clerk is DIRECTED to TRANSMIT copies of this Memorandum Order to the parties and to CLOSE this case.

| | |
|---|---|
| 8/1/2023 | /S/ |
| Date | Paula Xinis<br>United States District Judge |